UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Berel Oshry, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br><br><br>   -v.-<br><br>Portfolio Recovery Associates, LLC,<br><br>                Defendant(s). | Civil Action No: 7:21-cv-4342<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Berel Oshry (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC against Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers,"

1

and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address of 140 Corporate Blvd., Norfolk, VA 23502.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant sent a response to a consumer's dispute;

    c. that failed to include billing statements that verified the amount sought by the Defendant;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

   class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 27, 2021, an obligation was allegedly incurred to creditor U.S. Bank National Association (hereinafter "U.S. Bank").

21. The U.S. Bank obligation arose out of transactions involving personal, family or household purposes obtained by Plaintiff from U.S. Bank and was incurred primarily for personal, family or household purposes.

22. Specifically, Plaintiff allegedly bought goods for personal and/or family use using his Harley-Davidson Visa Signature Credit Card.

23. The alleged U.S. Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. U.S. Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Defendant subsequently purchased the defaulted U.S. Bank debt for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violation – March 27, 2021 Collection Letter*

26. On or about March 27, 2021, Defendant sent the Plaintiff a response to a dispute made by the Plaintiff regarding the alleged debt, originally owed to U.S. Bank (See "Letter" attached as Exhibit A).

27. Towards the top right portion of the Letter on page one, it lists in relevant part:

Balance: $20,750.03.

28. The Letter claims to include documents that establish its "validity," however the credit card statement included does not match the balance provided on page one.

29. The Letter and its supporting documents are confusing and misleading. The least sophisticated consumer, and the plaintiff included, remain puzzled as to which balance is correct, the one provided by the Defendant, the most recent credit card statement, or some other balance not included in the Letter altogether.

30. The Defendant failed to provide any explanation in page one as to why the balance increased. The omission of an explanation leaves open several options in the mind of a consumer; either:

(1) the Defendant failed to include the most recent credit card statement, which potentially explains the $417.59 increase in the total balance due;

(2) the Defendant made a mistake on the total "balance" of page 1, which would leave the Plaintiff with a decreased remaining balance due.

(3) the Defendant is charging additional interest or fees to the charge off amount from the original Creditor.

31. Therefore, the Letter provided by the Defendant which ostensibly intends to validate the Plaintiff's debt has no meaning and serves only to mislead and confuse the consumer as the true balance cannot be determined from the Letter.

32. The Plaintiff could not determine the correct amount owed from the Letter because multiple balances were provided without any explanation for the difference between the balances.

33. Plaintiff incurred an informational injury as he could not ascertain from the deceptive and misleading Letter the total amount he currently owed on the debt.

34. Further, Defendant's letter is potentially a false representation of the amount of the debt due, depending on what motivated Defendant's total balance – either a mistake, failing to provide the most recent credit card statement, or charging additional interest or fees.

35. The Defendants inability to clearly provide evidence as to the balance owed raises a question if they are the true and proper owner of this debt.

36. As a result of Defendant's false, deceptive, and misleading debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Defendant violated §1692e :

    a. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2);

    b. By making a false and misleading representation in violation of §1692e(10).

41. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Berel Oshry, individually and on behalf of all others similarly situated, demands judgment from Defendant Portfolio Recovery Associates, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  May 13, 2021                              Respectfully Submitted,

**STEIN SAKS, PLLC**

*/s/ Tamir Saland*
Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
(201) 282-6500 ext. 122
(201) 282-6501  Fax
tsaland@steinsakslegal.com
*Counsel for Plaintiff*